Chad E. Nydegger (#9964)
cnydegger@wnlaw.com
Matthew A. Barlow (#9596)
mbarlow@wnlaw.com
WORKMAN NYDEGGER
60 E. South Temple, Suite 1000
Salt Lake City, Utah 84111
Tel. 801-533-9800

*Attorneys for Plaintiff*
*BETTERBODY FOODS & NUTRITION LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| BETTERBODY FOODS & NUTRITION LLC, a Utah company,<br><br>Plaintiff,<br><br>v.<br><br>MANEUVER MARKETING PTE. LTD d/b/a Better Body Co., a Singapore corporation,<br><br>Defendant. | Civil Action No.: 2:23-cv-622<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge:  Dale A. Kimball |

## **COMPLAINT**

Plaintiff BetterBody Foods & Nutrition LLC ("BBF"), for its Complaint for trademark infringement and unfair competition and demand for jury trial against Defendant Maneuver Marketing Pte. Ltd d/b/a Better Body Co. ("Maneuver" or "Defendant"), hereby states and alleges as follows:

## SUMMARY OF THE ACTION

1. This is an action for trademark infringement and unfair competition under the laws of the United States of America. This is also an action for trademark infringement under the laws of the United States of America, Utah state law, and common law.

2. Plaintiff BBF is the owner of registered and common law trademark rights in the mark BETTER BODY FOODS used in connection with a variety of natural and organic foods and supplements, including but not limited to peanut butter powder, protein powders, flours, grains, and other health-oriented foods.

3. Without license or authorization, Defendant Maneuver markets and sells a variety of dietary supplements under the mark BETTER BODY CO. throughout the United States. Maneuver's use of BETTER BODY CO. has caused actual consumer confusion with BBF's trademarks. Maneuver is aware of BBF and its BETTER BODY FOODS marks, but has continued to use its BETTER BODY CO. regardless.

4. Consequently, BBF brings this action to put a stop to Maneuver's infringement of its BETTER BODY FOODS trademark rights.

## I.   PARTIES

5. Plaintiff BetterBody Foods & Nutrition, LLC is a Utah company with a principal place of business in Lindon, Utah (hereafter "BBF").

6. Defendant Maneuver Marketing Pte. Ltd d/b/a Better Body Co. is a Singapore corporation with a principal place of in Singapore, Singapore.

## II.     JURISDICTION AND VENUE

7.     This is an action for trademark infringement, unfair competition, and false designation of origin, arising under Section 43 of the Trademark Act of 1946 ("Lanham Act"), as amended, 15 U.S.C. § 1051 *et seq.*; violations of Utah Code § 13-11a-1 *et seq.*; and unfair competition under common law.

8.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1338 in that this case arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

9.     This Court has subject matter jurisdiction over the unfair competition claims herein under the provisions of 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

10.     This Court has supplemental jurisdiction over the claims that arise under Utah law pursuant to 28 U.S.C. § 1367(a) because they are substantially related to the claims that arise under the Lanham Act of the United States. Furthermore, this Court has supplemental jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate the state and federal issues be consolidated for a single trial.

11.     This Court also has jurisdiction over the related state and common law claims for trademark infringement pursuant to 28 U.S.C. § 1338(b) and supplemental jurisdiction under 28 U.S.C. § 1367.

12.     Upon information and belief, this Court has general personal jurisdiction over Defendant based on its continuous and systematic minimum contacts with residents of Utah through the marketing and sale of Maneuver's goods in Utah. Upon information and belief, this

Court also has specific personal jurisdiction over Defendant based on Defendant's purposeful direction of its promotional and advertising activities and sales of its goods to residents and customers in Utah.

13. Further, this Court has personal jurisdiction over Defendant under Utah's long-arm statute, Utah Code § 78B-3-201 *et seq.*, because, upon information and belief, (1) Defendant has transacted business in Utah; (2) Defendant has contracted to supply goods in Utah; and (3) Defendant has caused an injury to BBF in Utah through its tortious acts.

14. Furthermore, jurisdiction based on Defendant's contacts with Utah (including, but not limited to, marketing and sale of products and services in Utah) is not inconsistent with the Constitution of the State of Utah or the Constitution of the United States.

15. Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred within this judicial district and/or Defendant has committed acts of infringement within this judicial district, and, upon information and belief, Defendant is subject to personal jurisdiction pursuant to Utah's long-arm statute, Utah Code § 78B-3-201 *et seq.*

### III.   FACTUAL BACKGROUND

#### a.   BBF and Its BETTER BODY FOODS Marks

16. In 2007, Stephen Richards founded BetterBody Nutrition & Foods LLC because, coming from a family with a history of diabetes, Mr. Richards had a strong interest in foods that were high quality, delicious, healthier, and more nutritious than other food options commonly available on the market at the time. BBF's first product was agave nectar, which is a natural sweetener that has a reduced impact on blood sugar levels as compared to refined cane sugar.

17. From agave nectar BBF has expanded its product lines to include a number of natural and organic foods, including organic plant protein powder, avocado oil, PBfit® (pressed roasted peanuts with 87% less fat and about 1/3 the calories of traditional peanut butter), a variety of dressings and condiments, and a variety of other foods, flours, and powders.

18. BBF markets its goods in the United States and numerous countries around the world. BBF uses several trademarks to distinguish its goods and services in the minds of consumers.

19. BBF is the owner of U.S. Trademark Registration No. 6727214 for the mark BETTER BODY FOODS with goods in International Classes 029 and 030 for a variety of food products (the "'214 Registration"). The '214 Registration was filed on October 5, 2020 under Section 1(a) of the Trademark Act, 15 U.S.C. § 1051(a) with March 31, 2007 listed as the date of first use in commerce.

20. BBF is the owner of U.S. Trademark Registration No. 4694514 for the mark BETTERBODY FOODS with goods in International Classes 029 and 030 for a variety of food products (the "'514 Registration"). The '514 Registration was filed on February 10, 2014 under Section 1(a) of the Trademark Act, 15 U.S.C. § 1051(a) with March 31, 2007 listed as the date of first use in commerce.

21. BBF is the owner of U.S. Trademark Registration No. 5274858 for the mark BETTERBODY FOODS BBF with goods in International Classes 029, 030 and 031 for a variety of food products (the "'858 Registration"). The '858 Registration was filed on November 30, 2016 under Section 1(a) of the Trademark Act, 15 U.S.C. § 1051(a) with September 26, 2016 listed as the date of first use in commerce.

22. BBF is the owner of U.S. Trademark Registration No. 90455291 for the mark BBF BETTER BODY FOODS with goods and services in International Classes 029, 030, 035, 043 and 044 for a variety of food products, wholesale store services, and websites (the "'291 Registration"). The '291 Registration was filed on January 8, 2021 under Section 1(a) of the Trademark Act, 15 U.S.C. § 1051(a) with the dates of first use in commerce between April 30, 2019 and September 30, 2020.

23. BBF is the owner of U.S. Trademark Application Serial No. 97417386 for the mark BETTERBODY FOODS with goods and services in International Classes 005, 029, 030, 035, 043, and 044 for a variety of food products, dietary supplements, wholesale store services, and websites (the "'386 Application"). The '386 Application was filed on March 18, 2022 under Section 1(a) of the Trademark Act, 15 U.S.C. § 1051(a) with the dates of first use in commerce between December 31, 2016 and June 15, 2020.

24. The foregoing marks are collectively referred to herein as the "BETTER BODY Marks".

25. In addition to the federal registrations identified above, BBF owns common law rights in and to the BETTER BODY Marks.

26. As a result of substantial sales and advertising and promotion, BBF's BETTER BODY Marks have become widely and favorably known as identifying BBF's goods and services and have become intellectual property assets of considerable value to BBF.

27. BBF's BETTER BODY Marks are inherently distinctive when used in connection with BBF's goods and services.

28. Due to the continual use of BBF's BETTER BODY Marks, the marks have come to indicate a single source of BBF's goods and services. BBF's BETTER BODY Marks have further come to indicate BBF as the single source of such quality goods and services.

29. BBF owns federally registered and common law rights in and to the BETTER BODY Marks in connection with foods and food supplements.

### b. Maneuver and Its Infringing Conduct

30. Maneuver is a company that markets and sells a variety of dietary supplements under the mark BETTER BODY CO. on the Internet, including on the website betterbody.co and the Amazon.com online marketplace.

31. Maneuver is the owner of U.S. Trademark Application Serial No. 90655005 for the mark BETTER BODY CO. with goods and services in International Classes 005 for dietary supplements and nutritional supplements and vitamins (the "'005 Application"). The '005 Application was filed on April 19, 2021 under Section 1(a) of the Trademark Act, 15 U.S.C. § 1051(a) with the date of first use in commerce listed as October 28, 2017.

32. Maneuver's BETTER BODY CO. mark is similar to and likely to cause confusion with BBF's BETTER BODY Marks when used as a trademark in connection with the sale, offering for sale, distribution, advertising, and promotion of Maneuver's goods, including, without limitation, dietary supplements.

33. Maneuver sells, distributes, advertises and markets its goods in connection with the BETTER BODY CO. mark in a manner similar to BBF, including on the Internet and, specifically, on Amazon.com.

34. Defendant Maneuver's use of the BETTER BODY CO. mark is without BBF's license, permission or authority and is likely to cause confusion, mistake, and deception among consumers and customers.

35. Indeed, BBF has encountered several instances where consumers have been confused as to the source of Maneuver's goods. For example, several consumers that have purchased Maneuver's products have called BBF's customer service department to complain about Maneuver's products and/or services under the mistaken belief that BBF was the source of those products and/or services. As another example, dissatisfied consumers of Maneuver's products and/or services have posted complaints online about BBF under the mistaken belief that BBF was the source of Maneuver's products and/or services, including at least on the website www.pissedconsumer.com.

36. The consumer confusion that Maneuver's use of the BETTER BODY CO. mark has caused with BBF and its BETTER BODY Marks has caused damage to the reputation and goodwill of BBF and its BETTER BODY Marks.

37. Maneuver uses the BETTER BODY CO. mark with actual knowledge of BBF's rights in and to one or more of the BETTER BODY Marks. Notwithstanding such knowledge, Maneuver has acted and continues to act with wanton disregard for BBF's rights, and with the willful intent and purpose of improperly taking or benefiting from the favorable reputation and valuable goodwill BBF has established in the BETTER BODY Marks.

38. Defendant Maneuver's use of the BETTER BODY CO. mark is without BBF's license, permission or authority and is likely to cause confusion, mistake, and deception among consumers and customers.

39. Maneuver's BETTER BODY CO. mark is a colorable imitation of and confusingly similar to BBF's BETTER BODY Marks.

40. Maneuver's use of the BETTER BODY CO. mark in connection with dietary supplements and websites marketing dietary supplements is likely to cause, to the extent it has not already caused, actual confusion, actual injury, and loss of goodwill and business to BBF.

41. Upon information and belief, BBF has been damaged as a result of Maneuver's actions as alleged herein.

## CAUSES OF ACTION

### COUNT I: Trademark Infringement

42. BFF incorporates the preceding paragraphs as though fully set forth herein.

43. Maneuver's acts set forth above constitute infringement of BBF's exclusive rights to the BETTER BODY Marks in violation of the Lanham Act, specifically 15 U.S.C. § 1125, and of BBF's trademark rights under Utah state and common law.

44. Defendants have used in commerce a reproduction, counterfeit, copy, or colorable imitation of BBF's BETTER BODY Marks, in connection with the sale, offering for sale, distribution, or advertising of Maneuver's goods or services marketed and sold under or in connection with the BETTER BODY CO. mark and such use is likely to cause confusion, to cause mistake, or to deceive consumers.

45. Maneuver's acts of infringement have caused BBF monetary damages and damages to its reputation and goodwill, and BBF seeks judgment pursuant to 15 U.S.C. § 1117 for 1) Maneuver's profits made by its unauthorized and infringing use of the BETTER BODY CO. mark, 2) for the damages sustained by BBF, 3) for all costs necessary to remediate the infringing

uses and their effects, and 4) for the costs, expenses, and reasonable attorney fees (as this is an exceptional case) incurred in bringing the present action.

46. BBF seeks an award of punitive and/or treble damages for at least three times the amount of Maneuver's profits or BBF's damages, whichever is greater, due to the nature of Maneuver's wanton and willful conduct.

47. Pursuant to 15 U.S.C. § 1116 and the principles of equity, BBF is entitled to preliminary and permanent injunctive relief against Maneuver to stop the illegal, infringing conduct.

48. Pursuant to 15 U.S.C. § 1118 and the principles of equity, BBF is entitled to impoundment and destruction of Maneuver's infringing articles.

49. BBF is further entitled to all available remedies provided by common law, including, but not limited, to temporary and permanent injunctive relief, Maneuver's profits, any damages sustained by BBF, and costs.

### COUNT II: Unfair Competition/Passing Off in Violation of the Lanham Act U.S.C. § 1125(A)

50. BBF incorporates the preceding paragraphs as though fully set forth herein.

51. Maneuver has used the BETTER BODY CO. names and/or mark that is confusingly similar to BBF's BETTER BODY Marks with the intent to deceive the public into believing that goods and services offered or sold by Maneuver are made by, approved by, sponsored by, or affiliated with BBF.

52. Maneuver's acts as alleged herein were committed with the intent to pass off Maneuver's goods and services as the goods and services of, approved by, sponsored by, or affiliated with BBF, and with the intent to deceive and defraud the public.

53. Maneuver's acts constitute unfair competition and passing off, and have caused BBF damages, including, without limitation, lost profits, harm to reputation, and costs to remediate the confusion and harm to BBF's goodwill and reputation caused by Maneuver.

54. Maneuver's acts constitute violations of 15 U.S.C. § 1125.  Maneuver's acts of unfair competition have caused BBF damages, and BBF seeks judgment pursuant to 15 U.S.C. § 1117 for 1) Maneuver's profits made by its unfair competition and passing off of BBF's goods and services, 2) for the damages sustained by BBF, 3) for all costs necessary to remediate the unfair competition and passing off and their effects, and 4) for the costs, expenses, and reasonable attorney fees (as this is an exceptional case) incurred in bringing the present action.

55. BBF further seeks judgment for three times the amount of Maneuver's profits or BBF's damages, whichever is greater, due to the nature of Maneuver's conduct.

56. Pursuant to 15 U.S.C. § 1116 and the principles of equity, BBF is entitled to preliminary and permanent injunctive relief against Maneuver to stop the illegal, infringing conduct.

57. Pursuant to 15 U.S.C. § 1118 and the principles of equity, BBF is entitled to impoundment and destruction of infringing articles.

### COUNT III:  Violations of Utah Code § 13-11a-1 *et seq.*

58. BBF incorporates the preceding paragraphs as though fully set forth herein.

59. Maneuver's conduct, as alleged above, passes off goods or services as those of another, is causing and is likely to cause confusion or misunderstanding as to the source, sponsorship, affiliation, connection to or association with BBF, in violation of Utah Code § 13-11a-1 *et seq.*

60. By its conduct, Maneuver has caused BBF irreparable harm, damage, and injury to the value and goodwill BBF has built in its BETTER BODY Marks, as well as to BBF's business, goodwill, and reputation.

61. Upon information and belief, Maneuver will continue to commit the acts complained of in this Complaint unless restrained and enjoined by this Court.

### COUNT IV:  Unfair Competition in Violation of Utah Common Law

62. BBF incorporates the preceding paragraphs as though fully set forth herein.

63. As alleged herein, BBF owns its BETTER BODY Marks, which are valid and legally protectable.

64. Maneuver's infringing use of its BETTER BODY CO. mark is likely to cause confusion concerning the origin of the goods and services associated with the marks.

65. As alleged herein, Maneuver's conduct has and is likely to continue to cause customer confusion in violation of Utah common law.

66. Maneuver's foregoing acts constitute unfair competition and infringement of BBF's registered and common law rights for which BBF has no adequate remedy at law.

67. Maneuver's acts of unfair competition have caused BBF damages, and BBF seeks judgment for 1) Maneuver's profits made by its unfair competition and/or passing off of BBF's goods and services, 2) for the damages sustained by BBF, 3) for all costs necessary to remediate the unfair competition and passing off and their effects, and 4) for the costs incurred in bringing the present action and prior attempts to remedy Maneuver's actions.

68. BBF further seeks judgment for punitive damages due to the nature of Maneuver's conduct.

69. Further, BBF is entitled to preliminary and permanent injunctive relief against Maneuver to stop the illegal conduct.

## ENTITLEMENT TO INJUNCTIVE RELIEF

70. BBF incorporates the preceding paragraphs as though fully set forth herein.

71. By reason of Maneuver's acts alleged herein, BBF has and will suffer immeasurable, and thus irreparable, damage to its business, reputation, and goodwill.

72. Upon information and belief, Maneuver intends to continue to do the acts complained of herein unless restrained and enjoined.

73. BFF's remedy at law is inadequate at least because it is impossible to quantify in monetary terms the damage to BBF's reputation and goodwill.

74. BBF is entitled to a preliminary and permanent injunction prohibiting Maneuver, and its affiliates, agents, servants, and employees, and anyone acting with their authority or on its behalf, from directly or indirectly using any mark, trade dress, word, name, or domain name similar to the BETTER BODY Marks belonging to and/or as used by BBF, which is likely to cause confusion or mistake or to deceive.

## PRAYER FOR RELIEF

WHEREFORE, BBF prays:

A. The Court enter a judgment in favor of BBF and against Maneuver as to all causes of action alleged herein;

B. That this Court issue preliminary and permanent injunctions pursuant to 15 U.S.C. § 1116, Utah Code § 13-11a-1 *et seq*., Utah law, and equity, enjoining and restraining Maneuver and its affiliates, agents, partners, servants, and employees,

or anyone acting with their authority or on their behalf, from directly or indirectly using any mark, word, designation, name, trade dress, or domain name similar to the BETTER BODY Marks belonging to and/or as used by BBF that are likely to cause confusion or mistake or to deceive;

C. That, within five (5) days of issuance of preliminary and/or permanent injunctions, the Court order Maneuver to file a sworn statement under oath and subject to penalty of perjury that it has fully complied with the terms of the injunctions;

D. That this Court, pursuant to 15 U.S.C. § 1118, Utah Code § 13-11a-1 *et seq.*, Utah law, and equity, order that all labels, signs, prints, packages, wrappers, receptacles, pictures, websites, advertisements, and articles, both in print and other media, in the possession or under the control of Maneuver bearing any mark, word, designation, name, design, trade dress, or domain name that is confusingly similar to the BETTER BODY Marks belonging to and/or as used by BBF and all plates, molds, matrices, and other means of making the same, shall be eliminated, discontinued, re-designed to be substantially dissimilar, and/or delivered to BBF to be destroyed;

E. That Maneuver be required to account to BBF for any and all benefits or profits derived by Maneuver from the use of any name, trade dress, and/or mark incorporating any mark, word, designation, name, or domain name that is confusingly similar to the BETTER BODY Marks belonging to and/or as used by BBF, including the sale of any and all products or services associated with any such name, trade dress and/or mark, and for all damages sustained by BBF by reason of

14

said acts of unfair competition, false designation of origin, and/or other illegal acts complained of herein to the full extent permitted by 15 U.S.C. §§ 1117 and 1125; Utah Code § 13-11a-1 *et seq.*; and Utah common law;

F. That this Court award BBF punitive and/or treble damages in an amount no less than three times the amount of Maneuver's profits or BBF's damages, whichever is greater, due to the wanton, egregious, willful, deliberate, intentional, and/or malicious nature of its actions;

G. That the costs of this action be awarded to BBF;

H. That BBF be awarded its reasonable attorney fees due to the exceptional nature of this case and Maneuver's intentional, wanton and willful illegal conduct;

I. That Maneuver be liable for any award of monetary damages, statutory damages, treble damages, punitive damages, costs, and/or attorney fees;

J. That pre-judgment and post-judgment interest be awarded to BBF; and

K. That this Court grant such other and further relief as it shall deem just.

## JURY DEMAND

BBF hereby demands a trial by jury on all issues raised in the Complaint so triable.

DATED this 8th day of September, 2023.        Respectfully submitted,

/ Matthew A. Barlow /
Chad Nydegger
Mathew A. Barlow

Attorneys for Plaintiff
BETTERBODY FOODS & NUTRITION LLC